UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LEWIS EDWARD ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:06CV139 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. 1]. The government has responded to the motion. Movant has presented several grounds upon which he relies for relief. As set forth below, Movant has failed to establish that he is entitled to have his sentence set aside, corrected or vacated. The Motion, is therefore DENIED.

### Facts and Background

Movant was indicted on a one count Indictment on January 27, 2005, charging him with possessing a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).

On April 12, 2005, Movant pled guilty pursuant to a written plea agreement to the charge of possession of five grams or more of cocaine base with the intent to distribute. In exchange for this plea, the Government agreed to dismiss two

additional counts: felon in possession of a firearm and felon in possession of ammunition. Both parties agreed to recommend to the court that Movant's base offense level should be 34, pursuant to U.S.S.G. § 4B.1.1(a) because of Movant's status as a career offender. A three level reduction for acceptance of responsibility was recommended, resulting in an estimated total offense level of 31. The parties also agreed to recommend a criminal history category of VI. Furthermore, the Plea Agreement specifically noted that Movant was subjecting himself to a possible sentence of not less than five nor more than forty years imprisonment. In the Plea Agreement, the parties waived their rights to appeal the sentence imposed, except in the event the Court exercised its discretion and departed from the Sentencing Guideline Range. The signed Plea Agreement was filed with the Court.

Movant entered his plea on April 12, 2005. At the plea hearing, Robinson stated under oath that he was satisfied with the representation received from his attorney, that his attorney had gone over the Plea Agreement, Guidelines Recommendations and Stipulations with him and that there was nothing in the plea agreement that he disagreed with.

Robinson admitted on the record that his plea was voluntary and that no one was forcing him to plead guilty. He further advised the Court that he was pleading guilty as it was his wish to do so.He did not, at any time during the plea voice any

concern with his attorney, nor did he otherwise advise the Court that he was not pleading voluntarily.

On July 12, 2005, Movant was sentenced to term of 188 months incarceration. This term is to be followed by a term of four years supervised release. This sentence was within the Guideline range (188-235 months) as agreed to by the parties. At the sentencing, the Court advised Movant of his appeal rights, and noted that most, if not all of those rights had been waived in the plea agreement. Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Movant filed a Notice of Appeal on July 22, 2005. Counsel for Movant contended that the Court's decision was "unreasonable" in light of the factors set out in 18 U.S.C. §3553(e). The Government filed a motion to dismiss the appeal based on Movant's waiver of his appeal rights in the Plea Agreement. The Motion was granted on December 21, 2005. A petition fo rehearing En Banc was denied by the Eighth Circuit Court of Appeals on February 7, 2006. Movant filed a Petition for Writ of Certiorari on May 2, 2006. The Petition was denied by the Supreme Court on June 5, 2006.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively

refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that

the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

## Discussion

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular

constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956 F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief

virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829.

**Ground One: Ineffective Assistance of Counsel Regarding Pleading Guilty**

Movant argues that he was essentially tricked into pleading guilty. He urges that counsel did not understand the nature of the offense in which he was "induced" to plead. He further argues that he believed he would receive five years, based on counsel's representations.

Movant's claims of ineffective assistance of counsel and that his plea was not truly voluntary are clearly refuted by the record before the Court. Movant admitted that he was guilty of the charges and that he understood those charges. He admits that his lawyer explained everything to him and that he was satisfied with counsel's representation. Movant advised the Court that he understood the terms of the Plea Agreement and the Sentencing Guidelines. He further advised that it was his desire to plead guilty and that no one was forcing him to do so. Movant's claims of

ineffective assistance of counsel and coercion in pleading guilty are thoroughly refuted by his previous testimony under oath the record.

The record of the change of plea and the Plea Agreement establish that Movant clearly understood the range of punishment. The Plea Agreement sets forth the applicable range. At the hearing, the Court asked counsel for the Government to put the penalty range on the record. Afterward, the Court inquired as to whether Movant understood that the Court would ultimately decide the applicable sentence. Movant acknowledged his understanding at that time.

Furthermore, Movant's assertions that counsel did not "understand" are clearly belied by the negotiations of counsel. Counsel successfully negotiated the dismissal of two counts on behalf of Movant. Likewise, counsel's effectiveness is further demonstrated by the three level downward adjustment as a result of the advice to plead.

**Ground Two: Ineffective Assistance of Counsel regarding Crack Cocaine**

Movant's second ground for relief is that counsel was ineffective for failing to inform him that all cocaine base is not crack. This is not a basis upon which to find counsel ineffective. As the Government aptly argues, any distinction between forms of cocaine base is simply not relevant in Movant's case. There is no doubt that the form of cocaine base that Movant possessed with intent to distribute was "crack"

cocaine. In the Plea Agreement, Movant specifically admitted that the "substance removed from the defendant's mailbox was analyzed by a forensic chemist for the Drug Enforcement Administration and determined to be 21.8 grams of a form of cocaine base which is known as crack cocaine.

The Court inquired of Movant whether counsel had received all of the discovery information in this case. Movant responded that he had received the lab report, which clearly identified the substance as "crack cocaine." Additionally, throughout the course of these proceedings, the Government repeatedly articulated on the record the form of cocaine base involved.

### Impermissible Disparate Treatment

Movant argues that his sentencing was based on an improper motive..., race. Movant urges that the sentence based on a finding of cocaine base as crack cocaine is improper because it is a disparate treatment of black defendants. Movant's argument must fail in light of clearly established precedent which holds application of the Sentencing Guidelines relative to crack cocaine is not inherently unconstitutional. See *United States v. Davis*, 457 F.3d 817 (8th Cir. 2006)*; United States v. Lee*, 451 F.3d 914 (8th Cir. 2005); *United States v. Tabor*, 439 F.3d 826 (8th Cir. 2005); *United States v. Cauthorn*, 429 F.3d 793 (8th Cir. 2005).

### Ground Three: Ineffective Assistance of Counsel under *Blakley v. Washington*

Movant argues that the finding of Movant as a career offender, as provided in the PreSentence Investigation Report (PSR) was improperly assigned to him because it is an additional finding of fact used to increase his sentence in violation of *Blakley v. Washington* 124 S.Ct. 2531 (2004).

Movant's argument fails for the simple reason that he admitted to his career offender status as part of the plea agreement, and he further waived his right to contest the conviction or sentence in a Section 2255 proceeding. Movant testified that no one had forced him to enter into the Plea Agreement and that he had done so voluntarily. He stated that he was pretty much satisfied that he understood everything in the Plea Agreement. Movant was thoroughly notified throughout the proceedings of the range of punishment. At no time did Movant voice any concern over the terms of the Plea Agreement, nor the guideline range based on the agreement and the finding contained therein of Movant's career offender status.

Furthermore, as the Government correctly notes, *Blakley,* and subsequently *United States v. Booker*, 543 U.S. 220 (2005), do not apply in instances involving a finding of a prior conviction.

### Ground Four: Challenge to Supervised Release

Movant was properly sentenced to four years supervised release. Under 18

U.S.C. § 3583(a), the Court is required to include as part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute. Movant plead guilty to violating 21 U.S.C. § 841(a)(1) by possessing five grams or more of cocaine base with intent to distribute. The penalty provisions of § 841 mandate a minimum term of supervised release in addition to imprisonment of at lease four years. This fact was also articulated on the record at the Plea hearing.

## Conclusion

Based upon the foregoing analysis, none of the grounds upon which movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is DENIED.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 24th day of July, 2007.

*[signature]*

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE